IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TRACY FORD, as parent and next friend, for WYATT MABRY, CHRISTOPHER J. KANE, as parent and next friend, for SHELBY KANE, <br><br> Plaintiffs, <br><br> v. <br><br> CLAY COUNTY BOARD OF EDUCATION and JERRY STRONG, in his official capacity, <br><br> Defendants. | Case No. 2:15-cv-00059 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
JOINT MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

Defendants, Clay County Board of Education and Jerry Strong (collectively "Defendants"), by and through counsel, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, submit this Memorandum of Law in support of their Joint Motion to Dismiss for Failure to Join an Indispensable Party. Defendants would show the Court as follows:

**BACKGROUND**[1]

Plaintiffs, Tracy Ford, as parent and next friend, for Wyatt Mabry, and Christopher J. Kane, as parent and next friend, for Shelby Kane (collectively "Plaintiffs") bring this suit against Defendants asserting claims under 42 U.S.C. § 1983 and seeking declaratory and injunctive relief. (*See* Complaint, attached as Exhibit 1 to Motion to Dismiss filed contemporaneously herewith). According to the allegations in the Complaint, Plaintiffs' claims arise out of the

---

[1] The Defendants do not admit the truth of any of Plaintiffs' allegations and they specifically reserve their rights to respond to the Complaint with all of the substantive legal and factual defenses that are available to them.

inability of the Clay County Board of Education (the "Board") and the Clay County Commission (the "Commission") to agree upon, approve, and adopt a budget for the operation the Clay County school system for the 2015-2016 school year. (Complaint at ¶¶ 18-20). Because an agreed upon budget has not been approved and adopted by both the Board and the Commission, the Board voted on October 8, 2015, to close the school system until a budget is approved and adopted. (Complaint ¶ 22).

In order to offset mandated requirements of the Affordable Care Act ("ACA"), the Board asked for a $315,000 budget increase for the 2015-2016 school year. (Complaint ¶ 25, Ex. A). This request was rejected by the Commission, and the Board, after making punitive cuts to personnel, adopted a budget with a $200,000 increase to cover the ACA requirements. (*Id.*). However, the $200,000 budget increase was also rejected by the Commission, and the Commission adopted a budget which allocated the Board the same amount as the 2014-2015 school year with an increase of only $16,000 for growth monies. (*Id.*).

Plaintiffs' have alleged that the Board and the Commission are now at a "budget impasse," and the Board was not able to submit an approved budget to the Tennessee Department of Education ("TDOE") by October 1, 2015. (Complaint ¶ 26, 29, Ex. C). Because an approved budget was not timely submitted to TDOE, the Board is not eligible to receive further Basic Education Program ("BEP") payments until a budget for the 2015-2016 school year is approved and adopted by the Commission and the Board and submitted to TDOE. (*Id.*). Accordingly, TDOE suspended further BEP payments to the Board on October 1. (*Id.*). Without further BEP payments, the Board was forced to vote to close its school system on October 8, 2015. (Complaint ¶ 25, Exs. A, B).

In their Complaint, Plaintiffs assert claims under 42 U.S.C. § 1983 alleging that the Board's closure of schools will deprive their children of their right to a free public education. (Complaint ¶ 30-39). Plaintiffs further seek declaratory relief, asking the Court "to find and declare the respective rights, responsibilities, duties and obligations of the parties pursuant to relative statutory and constitutional provisions." (Complaint ¶ 40-45). Finally, Plaintiffs seek extraordinary and injunctive relief, asking that Defendants be enjoined from closing the school system during the 2015-2016 school year. (Complaint ¶ 46-52).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(b)(7) allows for a motion to dismiss for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19 sets forth those parties that must be joined in an action. Rule 19 provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (a) in that person's absence, the court cannot accord complete relief among existing parties; or
> (b) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impeded the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If a person or entity is a "required party" under Rule 19(a), the court must then determine whether joinder is feasible. *Orange Peach Line, Inc. v. Country Explosion, LLC*, 2015 U.S. Dist. LEXIS 4365, at *32 (M.D. Tenn. Jan. 14, 2015) (citing *Moore's Fed. Practice* § 19.02[3][b])).

If joinder is feasible, the court must order joinder of a required party, but if joinder of a required party is not feasible, the court must "determine whether the case can proceed without

that party." *Orange Peach Line*, 2015 U.S. Dist. LEXIS 4365, at *32. If the court finds that the case cannot proceed in the absence of a required party, the court must dismiss the case. *Id.* at *33. The Sixth Circuit and other courts characterize an "indispensable party" within the meaning of Rule 19 as a party (1) who is necessary, (2) whose joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee. *Id.* at *33 (quoting *Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 44 (6th Cir. 2012)).

Here, in addition to their federal claim under 42 U.S.C. § 1983, Plaintiffs are seeking relief under the Tennessee Declaratory Judgments Act, Tenn. Code Ann. § 29-14-101 *et seq*. Pursuant to the Declaratory Judgments Act, "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." Tenn. Code Ann. § 29-14-107(a). The Declaratory Judgments Act "imposes stricter requirements" than those imposed by Rule of Civil Procedure 19. *Huntsville Util. Dist. of Scott County, Tennessee v. Gen. Trust Co.*, 839 S.W.2d 397, 403 (Tenn. Ct. App. 1992). Thus, even if joinder is not required under Rule 19, it may still be required under Tennessee's Declaratory Judgments Act. *Id.*

Under these standards, both the Commission and the TDOE are required, indispensable parties that must be joined in this action. First, the Commission clearly has an interest in this action, and complete relief cannot be provided in the Commission's absence. The process for preparing and approving a school system's budget is set forth in Title 49 of the Tennessee Code Annotated. It is the duty of a superintendent of schools to prepare a yearly budget for operation of the school system and submit it to the local board of education for approval. Tenn. Code Ann. § 49-2-301. The local board of education must then approve the proposed budget and submit it

4

to the local legislative body, which is the Commission in this case. Tenn. Code Ann. § 49-2-203(10)(A)(i). Upon recommendation of the board of education, the county legislative body must then consider the proposed budget and "provide necessary funds to enable the county board to meet all obligations under the adopted budgets." Tenn. Code Ann. § 49-2-201(1)(A). Thus, both the Board and the Commission are required to approve the budget for the 2015-2016 school year.

As such, the Commission is a required, indispensable party to this action. As Plaintiffs admit in their Complaint, their claims stem from a "budget impasse" between the Board and the Commission. (Complaint ¶ 25). Pursuant to Title 49, the Commission is required to provide funds adequate to enable the Board to meet its duties and obligations. However, as set forth in the letter attached as Exhibit A to Plaintiffs' Complaint, the Board does not believe that the funds allocated to it in the budget passed by the Commission are adequate to keep the school system solvent. The Commission therefore has a clear interest in this litigation, and Plaintiffs cannot obtain the relief they requested without the Commission's involvement. Plaintiffs seek to prevent the closure of the school system, but action by both the Board and the Commission is required to keep that from happening. For this reason, this action cannot move forward without joinder of the Commission.

Moreover, the TDOE is also a necessary, indispensable party. As evidenced in the letter from Commissioner of Education Dr. Candice McQueen, which is attached as Exhibit C to Plaintiffs' Complaint, TDOE started withholding BEP payments on October 1 because the Board did not submit an approved budget. However, as Plaintiffs note in their Complaint, the State of Tennessee has a constitutional duty to provide for the maintenance and support of a system of free public schools. (Complaint ¶ 11). The State of Tennessee has delegated many of those

5
Case 2:15-cv-00059   Document 4   Filed 10/14/15   Page 5 of 7 PageID #: 83

duties to local legislative bodies and boards of education, but the duty to provide a free public school system ultimately falls to the State. Thus, TDOE, as the department tasked with administering Tennessee's public school system, is also a required, indispensable party to this action.

Pursuant to Federal Rule of Civil Procedure 19 and the Tennessee Declaratory Judgments Act, the Commission and TDOE are required, indispensable parties to this litigation. Both entities have a clear interest in this action, and complete relief cannot be awarded in their absence. Dismissal under Federal Rule of Civil Procedure 12(b)(7) is therefore appropriate.

## CONCLUSION

For the reasons stated above, Defendants request this action be dismissed for failure to join a required, indispensable party. The Clay County Commission and the Tennessee Department of Education are both required, indispensable parties, but Plaintiffs have not joined them as parties in this action. Defendants therefore request that Plaintiffs' Complaint be dismissed in its entirety.

Respectfully submitted,

**LEWIS, THOMASON,
KING, KRIEG & WALDROP, P.C.**

By  /s/ Charles W. Cagle
    Charles W. Cagle, BPR No. 13738
    Emily H. Mack, BPR No. 31217
    Brad W. Craig, BPR No. 31082
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219-8615
    (615) 259-1366

*Attorneys for Defendants Clay County Board of Education and Jerry Strong*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of October, 2015 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| X | By placing postage prepaid envelope in United States Mail Service, addressed to: |
|---|---|

Michael R. Giaimo, BPR# 19394
James D. White, BPR# 10313
204 N. Washington Avenue
Cookeville, TN 38501

/s/ Charles W. Cagle