IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TRACY FORD, as parent and next friend, for WYATT MABRY, CHRISTOPHER J. KANE, as parent and next friend, for SHELBY KANE, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 2:15-cv-00059 |
| v. | ) ) |
| CLAY COUNTY BOARD OF EDUCATION and JERRY STRONG, in his official capacity, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR EMERGENCY MOTION TO IMMEDIATELY DISSOLVE *EX PARTE* TEMPORARY RESTRAINING ORDER

Come now the Defendants, CLAY COUNTY BOARD OF EDUCATION (the "Board") and JERRY STRONG ("Mr. Strong"), (collectively "Defendants"), by and through counsel, and submit the following memorandum of law in support of their emergency motion to immediately dissolve the Temporary Restraining Order entered by the Clay County Chancery Court, *ex parte,* on Friday, October 9, 2015.

## RELEVANT FACTS

On Friday October 9, 2015, the Defendants in this matter were personally served[1] with a Temporary Restraining Order ("TRO") that was entered by the Clay County Chancery Court at 11:45 a.m., as well as Complaint that was filed that same day. (*See* TRO, attached to Def.'s Mot.,

---

[1] Although Plaintiffs issued summonses to each of the ten individual Board members, service of the Summons and Complaint upon the Director of Schools, Jerry Strong, was effective as to both Defendants as Mr. Strong is authorized to accept service of process on the Board's behalf.

as Exhibit 3; Compl., attached as Exhibit 4 to Def.'s Mot.; Summons to Jerry Strong, attached as Exhibit 5).

Plaintiffs' counsel made no attempt to contact either Defendant prior to obtaining the TRO. (Declaration of Jerry Strong, attached as Exhibit 1 to Defs.' Mot.; Declaration of Benjamin Bailey, attached as Exhibit 2 to Defs.' Mot.). Moreover, there is nothing in the record to suggest that the state court's decision to grant the TRO was based on anything other than the conclusory allegations in Plaintiffs' Complaint. (*See* Complaint, Exhibit 4 to Defs.' Mot.). In fact, it appears that the Complaint in this matter was not even filed until nearly two hours after the TRO was granted. (*Compare* Compl., Exhibit 4 to Defs.' Mot., filed at 1:40 p.m., *with* TRO, Exhibit 3 to Defs.' Mot., entered at 11:45 a.m.).

Because Plaintiffs have alleged claims against Defendants for violations of their civil rights pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants timely removed this action to this Court on October 13, 2015, on the basis of federal question jurisdiction. (*See* Notice of Removal, Exhibit 6 to Defs' Mot.).

Now that removal has been effected, Defendants request that the Temporary Restraining Order entered by the Chancery Court for Clay County on October 9, 2015, be immediately vacated and declared void *ab initio* because Plaintiffs failed to comply with the mandatory requirements of Rule 65.03(1) of the Tennessee Rules of Civil Procedure.

## LAW AND ARGUMENT

Tennessee Rule of Civil Procedure 65.03(1) governs the issuance of temporary restraining orders without notice in Tennessee state courts. *See* Tenn. R. Civ. P. 65.03(1)

Tennessee's Rule 65.03 is identical[2] in form and substance to Federal Rule of Civil Procedure 65(b)(1). Tennessee Rule of Civil Procedure 65.30(1) provides, in relevant part, as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney **only if**:
>
> (A) **specific facts** in an affidavit or a verified complaint **clearly show** that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition; **and**
>
> **(B) the applicant's attorney** (or pro se applicant) **certifies in writing efforts made to give notice and the reasons why it should not be required.**

Tenn R. Civ. P. 65.03(1) (emphasis added).

As is clearly stated in the 2009 Advisory Commission Comment to Rule 65 to the Tennessee Rules of Civil Procedure, "Rule 65.03(1) [was] rewritten to require in most instances notice to the adverse party before the court issues a temporary restraining order." The 2009 Amendment brought Tennessee's Rule 65 in line with the notice protections afforded by Federal Rule of Civil Procedure 65(b)(1). While Tennessee courts have yet to interpret this change, federal courts have long realized the importance of these notice specifications.

In *Austin v. Altman*, the Second Circuit Court of Appeals stated that "a district court should **scrupulously** observe the requirement of Rule 65 in the delicate business of granting temporary restraining orders." 332 F.2d 273, 275 (2d Cir. 1964) (emphasis added). The court went on to note that there are "dangers and embarrassments of hasty action in hearing only one

---

[2] Federal Rule of Civil Procedure 65(b)(1) provides:
  (1) ***Issuing Without Notice***. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
    (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
    (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

side when the other parties concerned could easily have been summoned for a preliminary hearing." *Id.*; *see also Leslie v. Penn Central Railroad Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (recognizing and relying upon the Second Circuit's decision in *Austin*).

Similarly, the United States District Court for the Western District of Tennessee recently observed that "the Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Abston v. Shelby County Sch.*, No. 15-2343-STA-dkv, 2015 U.S. Dist. LEXIS 97448, *3 (W.D. Tenn. July 27, 2015) (quoting F*irst Tech. Safety Sys. v. Depinet,* 11 F.3d 641, 650 (6th Cir. 1993)).

Accordingly, district courts within the Sixth Circuit, including this Court, have refused to issue a TRO where the moving party fails to comply with the threshold requirements set forth in subsection (a) and (b) of Rule 65. *See e.g. Abston,* 2015 U.S. Dist. LEXIS 97448, *3 (holding that "[p]laintiffs have not met the initial notice requirements of Rule 65(b)(1) and therefore have not shown any entitlement to a TRO."); *Payne v. Brantley*, No. 1:14-cv-0055; 3:14-mc-658, 2014 U.S. Dist. LEXIS 67298, *5-6 (M.D. Tenn. May 15, 2014) (noting that "when a litigant seeks an *ex parte* restraining order without notice to the opposing party, he has the additional burden of demonstrating to the Court, as required by Rule 65(b)(1), why notice to the opposing party was not possible and why the injury would truly be irreparable in the absence of an injunction."); *Nat'l Bankers Trust Corp. v. East West Distrib. & Warehousing*, No. 12-2674-STA-cgc, 2012 U.S. Dist. LEXIS 107017, *8-9 (W.D. Tenn. Aug. 1, 2012) (holding that "Rule 65(b)(1) permits courts to issue TROs 'without written or oral notice to the adverse party or its attorney *only if* 'the movant satisfies Rule 65(b)(1)'s two requirements.').

4

Case 2:15-cv-00059   Document 6   Filed 10/14/15   Page 4 of 7 PageID #: 137

The clear and obvious reason for providing notice to the party to be restrained is to allow the targeted party the opportunity to be heard, substantively, in opposition to the request for extraordinary relief. Plaintiffs violated both provisions of this clearly stated Rule when they wrongfully obtained an *ex parte* TRO from the Clay County Chancery Court on Friday, October 9, 2015, at 11:45 a.m. (*See* TRO, Exhibit 3 to Defs.' Mot.). Plaintiffs' application for a TRO, which was presumably made on an oral motion and based solely on the Complaint that was filed *after* the TRO was granted, failed to comply with the first prerequisite for obtaining temporary injunctive relief without notice because it did not include "specific facts" that "clearly show" immediate or irreparable injury would result before the Defendants could be heard. *See* Tenn. R. Civ. P. 65.03(1)(A); Fed. R. Civ. P. 65(b)(1)(a).

The application also fails to comply with the second threshold requirement under Rule 65.03 (and Federal Rule 65(b)(1)(2)) because there is no written certification by Plaintiffs' attorney that any efforts were made to give notice to the Defendants as required by both Rules. *See* Tenn. R. Civ. P. 65.03(1)(A); Fed. R. Civ. P. 65(b)(1)(a). Indeed, as evidenced by the Declaration attached to Defendants' Motion, counsel for Plaintiffs could not have made such a certification to the Clay County Chancery Court because **no** efforts were made by Plaintiffs' counsel or anyone in his office to notify Defendants that the Plaintiffs were seeking an *ex parte* Temporary Restraining Order. (Declaration of Jerry Strong, attached as Exhibit 1 to Defs.' Mot.; Declaration of Benjamin Bailey, attached as Exhibit 2 to Defs.' Mot.).

Further, given that the application for this *ex parte* Temporary Restraining Order was made in the Complaint that was filed on October 9th—which is the same date that the TRO was granted—no notice of the hearing that occurred last Friday appears in the Record. (*See generally* Clay County Chancery Court Record, attached as Exhibit A to Defs.' Joint Notice of Removal,

filed contemporaneously herewith).  The Record establishes on its face that the Plaintiffs' counsel made absolutely no effort to comply with the mandatory provisions of Rule 65.03 of the Tennessee Rule of Civil Procedure, prior to obtaining the TRO.

## CONCLUSION

Because the Plaintiffs failed to comply with the mandatory requirements of Rule 65.03 of the Tennessee Rules of Civil Procedure, the Temporary Restraining Order entered on October 9, 2015, by the Clay County Chancery Court, should be immediately vacated and declared void *ab initio* with a hearing on the requested relief to be reset at Plaintiffs' discretion upon Plaintiffs' compliance with Rule 65(b)(1) of the Federal Rules of Civil Procedure and Local Rule 65.01.

Respectfully submitted,

**LEWIS, THOMASON,**
**KING, KRIEG & WALDROP, P.C.**

By     /s/ Charles W. Cagle
    Charles W. Cagle, BPR No. 13738
    Emily H. Mack, BPR No. 31217
    Bradley W. Craig, BPR No. 31082
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219-8615
    (615) 259-1366

*Attorneys for Defendants Clay County Board of Education and Jerry Strong*

# CERTIFICATE OF SERVICE

      I hereby certify that on this the 14th day of October, 2015 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| X | By placing postage prepaid envelope in United States Mail Service, addressed to: |
|---|---|

    Michael R. Giaimo, BPR# 19394
    James D. White, BPR# 10313
    204 N. Washington Avenue
    Cookeville, TN 38501


                                        /s/ Charles W. Cagle