# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| TRACY FORD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 2:15-00059 |
| v. | ) | Judge Sharp |
| | ) | |
| CLAY COUNTY BOARD OF EDUCATION et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

Pending before the Court is Plaintiffs' Motion to Remand to State Court. (Docket No. 11). Plaintiffs have amended their complaint to remove the only federal claim they asserted, a claim under 42 U.S.C. § 1983. (Docket No. 10). The Court accepts this amended version of the complaint, which asserts only state law claims, as the operative complaint. Plaintiffs now move to remand this action to state court because the Court no longer has subject matter jurisdiction.

Federal district courts may decline to exercise supplemental jurisdiction where they have dismissed all claims over which they have original jurisdiction. 28 U.S.C.A. § 1367. In determining whether to retain jurisdiction over state-law claims, federal courts "balance the values of judicial economy, convenience to the parties, fairness, and comity to state courts." Packard v. Farmers Ins. Co. of Columbus, Inc., 423 F. App'x 580, 583–84 (6th Cir. 2011). When all federal claims are dismissed before trial, consideration of these values will usually point toward dismissing or remanding the state law claims. Gamel v. City of Cincinnati, 625 F.3d 949, 952 (6th Cir. 2010). This is true even where the plaintiff has attempted to manipulate the forum, as that does not outweigh the other factors that support remanding an action to state court. Id. at 949. See also Spears v. NHC HealthCare/Knoxville, LLC, No. 3:14-CV-317, 2015

WL 2169277, at *1–2 (E.D. Tenn. May 8, 2015).

In the instant case, which remains in its infancy, the Court now lacks original jurisdiction over any of the claims. Neither has the Court invested any time or resources in the litigation. Accordingly, there is no reason to keep the case in federal court and the Court agrees with Plaintiffs that remand is proper.

## **CONCLUSION**

For the reasons set forth above, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state-law claims. Plaintiffs' Motion to Remand to State Court (Docket No. 11) is hereby GRANTED and the Court REMANDS this action to the Chancery Court for Clay County, Tennessee. The Clerk of Court is DIRECTED to CLOSE this case.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE